UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SAMUEL MONTALVO,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, SAMUEL MONTALVO ("MONTALVO"), by and through his undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. MONTALVO brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. MONTALVO was, at all times relevant, a citizen of the United States of America and in all respects sui juris.

3. PRUDENTIAL is a corporation with its principal place of business in the State of New Jersey that is authorized to transact and is transacting business in the Southern District of

Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

**FACTUAL ALLEGATIONS**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to MONTALVO.

6. MONTALVO, at all times material, was an employee of or former employee of Royal Caribbean Cruises Ltd.

7. By way of his employment with Royal Caribbean Cruises Ltd., MONTALVO was at all times material a plan participant and a covered person under the Royal Caribbean Cruises Ltd. Long Term Disability Plan, Group Contract Number G-47450-FL (the "LTD Plan"), which is a long term disability insurance policy issued by PRUDENTIAL to Royal Caribbean Cruises Ltd., who is the Contract Holder and Plan Sponsor. It is pursuant to this LTD Plan that MONTALVO is entitled to benefits. A copy of the LTD Plan as provided by PRUDENTIAL has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. PRUDENTIAL is the insurer of benefits under the LTD Plan and is the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claim's determination. As such, PRUDENTIAL is not entitled to a deferential standard of review.

11. PRUDENTIAL is the fiduciary charged with making benefit determinations under the LTD Plan including the determinations made on MONTALVO's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, MONTALVO is entitled to LTD benefits for the duration of his disability, or until his normal retirement age, so long as he remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan, disability is defined as follows:

> You are disabled when Prudential determines that:
> - you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and
> - you are under the *regular care* of a *doctor*; and
> - after the first 12 months of your disability, you have a 20% or more loss in your *monthly earnings* due to that sickness or injury.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:
> - you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience; and
> - you are under the regular care of a doctor.

14. At all relevant times, MONTALVO complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately September 16, 2020, MONTALVO has been disabled under the terms of the LTD Plan.

16. Since on or about September 16, 2020, MONTALVO has been unable to perform the material and substantial duties of his regular occupation due to sickness or injury.

17. Since on or about September 16, 2020, MONTALVO has been under the regular care of a doctor.

18. Since on or about September 16, 2020, MONTALVO has had a 20% or more loss in his monthly earnings due to his sickness or injury.

19. Since on or about September 16, 2020, due to sickness or injury, MONTALVO has been unable to perform the duties of any gainful occupation for which he is reasonably fitted by

3

education, training or experience.

20. At all relevant times, MONTALVO has been under the regular care of a doctor.

21. At all relevant times, MONTALVO was a Covered Person under the LTD Plan.

22. By letter dated June 9, 2021, PRUDENTIAL informed MONTALVO that it was denying his claim for LTD benefits, contending that he failed to meet the definition of disability of the LTD Plan.

23. MONTALVO timely and properly submitted an appeal of PRUDENTIAL's June 9, 2021 denial.

24. By letter dated May 9, 2022, PRUDENTIAL informed MONTALVO that it was affirming its previous decision to deny MONTALVO's claim for LTD benefits and advised MONTALVO that all required administrative remedies had been exhausted.

25. From September 16, 2020 to the present date, MONTALVO has not received benefits owed to him under the LTD Plan despite MONTALVO's right to these benefits.

26. At all relevant times, PRUDENTIAL was the payer of benefits.

27. At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, PRUDENTIAL was the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

29. At all relevant times, MONTALVO has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the LTD Plan.

30. MONTALVO has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. MONTALVO incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), MONTALVO, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. MONTALVO has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of PRUDENTIAL's failure to pay his continued claim for disability benefits.

35. MONTALVO has exhausted all required administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to MONTALVO at a time when PRUDENTIAL knew, or should have known, that MONTALVO was entitled to those benefits under the terms of the LTD Plan, as MONTALVO was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of MONTALVO's claim for LTD benefits;

    (c) After MONTALVO's claim was terminated in whole or in part, PRUDENTIAL failed to adequately describe to MONTALVO any additional material or information necessary for MONTALVO to perfect his claim along with an explanation of why such material is or was necessary.

      (d)    PRUDENTIAL failed to properly and adequately investigate the merits of MONTALVO's disability claim and failed to provide a full and fair review of MONTALVO's claim.

37. MONTALVO believes, and thereon alleges, that PRUDENTIAL wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which MONTALVO is presently unaware, but which may be discovered in this future litigation and which MONTALVO will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by MONTALVO.

38. Following the termination of benefits under the LTD Plan, MONTALVO exhausted all administrative remedies required under ERISA, and MONTALVO has performed all duties and obligations on his part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, MONTALVO has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding MONTALVO's claim for benefits, MONTALVO, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), MONTALVO is entitled to have such fees and costs paid by PRUDENTIAL.

41. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist, therefore, MONTALVO is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, SAMUEL MONTALVO prays for relief against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to be paid and to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: October 27, 2022

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2625 Weston Road
Weston, FL 33331
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Rachel Alters*
RACHEL ALTERS, ESQUIRE
Florida Bar No: 0106232
Email: Rachel@diattorney.com